DALLAS CONSOLIDATED ELECTRIC STREET RAILWAY COMPANY v. GEORGE LYTLE ET AL.

Decided December 7, 1907.

**1.—Personal Injuries—Pleading—Particularity.**

In a suit for damages for the death of a wife and mother resulting from personal injuries, pleading considered, and held not subject to an exception that the allegation of injury was too general and did not specify which of many injuries caused deceased's death, nor how, when or wherein said injuries caused her death, and did not set forth with sufficient particularity in what manner said injuries caused her death.

**2.—Same—Cause of Death—Charge.**

In a suit for damages for the death of a wife and mother resulting from personal injuries, where the evidence was such as to warrant the jury in finding that death resulted from the combined effect of all the injuries, it was not error for the court to charge the jury to find for the plaintiff if death was caused by any of the injuries sustained, although the principal expert witness for the plaintiff testified that death resulted from a particular injury.

**3.—Damages—Several Plaintiffs—Charge—Harmless Error.**

In a suit by two plaintiffs for damages the court charged the jury that if they found from the evidence that the death of the deceased caused any pecuniary loss to the plaintiffs, or either of them, then the verdict should be for such plaintiffs. Held, an inadvertent and harmless error in view of the evidence.

**4.—Charge upon Issue not Raised.**

The suit being for damages for death resulting from injuries received in a collision of cars, there being no pleading or evidence that the collision was caused by the interference of third parties with the track, the court properly refused to submit such issue to the jury. The mere fact that the collision could not be accounted for in any other way was not sufficient to raise the issue.

Appeal from the District Court of Dallas County. Tried below before Hon. Richard Morgan.

*Finley, Knight & Harris,* for appellant.

*G. G. Wright* and *K. R. Craig,* for appellees.

CONNER, Chief Justice.—This suit was instituted in the 44th Judicial District Court of Dallas County, by appellees, seeking to recover damages on account of the death of Annie Lytle, alleged to have been caused by injuries sustained by her in a head-end collision between two of defendant's cars. Appellees claimed in their petition that "Geo. Lytle was the husband, and Jennie Burch, the daughter, of Annie Lytle, and that by reason of her death they had sustained pecuniary loss; that appellant's negligence consisted, first, in the manner of the construction of the switch; second, in the failure of its motorman in charge of its west-bound car to keep a proper lookout; and, third, that said west-bound car violated the city ordinance regulating the speed of cars; that had said car not been running at said unlawful speed the motorman in charge might and probably would have discovered the condition, would have had such control of his car that he could have stopped it and avoided a collision, which control, because of the high rate of speed, he did not have."

Appellee Geo. Lytle alleged that he had suffered loss of the services of his wife, and in addition thereto, that his wife was engaged in the hand-laundry business, which yielded and was of the value of $100 per month, and that by reason of her death said business was lost and destroyed, to his damage $30,000.

Appellee Jennie Burch alleged that, although married, her husband was blind and incapacitated from supporting his family, and that she was dependent upon her mother, Annie Lytle, who was

accustomed to, and did, and would for the remainder of her life have continued to, contribute out of her earnings to the support of her and her family and provide them with a home; that by her death she was deprived of such assistance and support, to her damage $5,000.

Appellant answered by general and special demurrers and general denial.

A trial was had on March 10, 1906, resulting in a verdict and judgment in favor of appellees for the sum of $900, which was by said verdict and judgment equally divided between the appellees.

In the first assignment complaint is made of that part of appellees' petition alleging injuries which charged that "such injuries so inflicted consisted chiefly of severe bruises on her left knee, causing inflammation of the joint; both hands bruised and lacerated and torn; her left lung was seriously injured, causing traumatic pneumonia; left foot and ankle seriously sprained, mashed and bruised; displacement and serious injury to her womb; a severe blow on her head, producing concussion of the brain, and a severe blow on the right side of the head and neck, which produced an aneurism of the right carotid artery; her face, head and forehead were bruised and lacerated; severe nervous shock and serious injuries to all parts of her body, both external and internal; which injuries so inflicted as aforesaid caused the death of the said Annie Lytle as aforesaid." The contention is that "such allegation is too general and does not specify which of said injuries caused Annie Lytle's death, nor how, when or wherein said injuries caused her death, and does not set forth with sufficient particularity in what manner said injuries caused her death." We think the petition is quite as specific in the particulars complained of as should be required. While appellant was entitled to reasonable notice of the number, character, and results of the injuries claimed, in order to be prepared to meet the case if it could with evidence, yet this rule is not to be construed as requiring a plaintiff to hazard a recovery by unnecessary descriptive matter or by averments of facts that are in their very nature uncertain. In this case numerous severe injuries were specified. All may have contributed in varying degrees and in obscure ways to the final result, and appellees were not required to limit their right by restricting the general result to any single injury, nor to any specified manner in which the injuries worked death. The objection that the petition fails to sufficiently plead the ordinance of the city of Dallas regulating the speed of street cars, seems to be immaterial in view of the evidence and of the court's failure to submit this issue to the jury.

Error is assigned to the following paragraph of the court's charge: "Annie Lytle, the deceased wife of the plaintiff, George Lytle, and mother of the plaintiff, Jennie Burch, was, on the 12th day of January, 1904, a passenger on one of defendant's street cars, and was injured in a collision which occurred between said car upon which she was a passenger and another car belonging to the defendant which ran into the car upon which the said Annie Lytle was a passenger aforesaid. The said Annie Lytle is now dead. If you find from the testi-

mony before you that her death was caused by any of the injuries sustained by her in said collision, and if you further find from the testimony before you that the said collision was caused by negligence on the part of the defendant, and if you further find from the testimony before you that the death of the said Annie Lytle has caused any pecuniary loss to the plaintiffs, or either of them, then your verdict should be for such plaintiffs. But if you fail so to find that the death of the said Annie Lytle was caused by any injury sustained by her in the aforesaid collision, or if you fail so to find that the said collision was caused by negligence on the part of the defendant, or if you fail so to find that the plaintiffs, or either of them, have sustained pecuniary loss as the result of the said Annie Lytle's death, then in either such event your verdict should be for defendant." It is insisted that the evidence shows that Annie Lytle's death was caused by an aneurism—one only of the injuries claimed—and that therefore the charge was erroneous, in that it permitted a recovery if the death of the deceased was caused by "any of the injuries sustained by her." It is further insisted that there was a sharp conflict in the evidence as to whether Annie Lytle received the injury causing an aneurism, and that the charge therefore was upon the weight of the evidence in assuming that Annie Lytle was injured, the evidence, as before stated, further showing that none of the other injuries could have caused the death for which recovery was sought. It is further insisted that the charge permitted a recovery by both plaintiffs upon proof that one of them only had sustained pecuniary loss by the death of Annie Lytle. While these objections have been presented with force and seeming plausibility, we yet think the difficulty more apparent than real. It is true that one of appellees' witnesses—perhaps the principal one—testified that Annie Lytle's death was the result of a blow received on the neck, causing an aneurism, yet there were other witnesses who testified to the number and character of her injuries substantially as charged in the petition, and to a generally impaired condition of Annie Lytle's health and strength after the accident, testifying that she was in a continuous nervous condition, had palpitation of the heart, sleeplessness and tendency to suffocation, and other results which, in our judgment, would have made it improper for the court to have assumed that the jury were bound to believe the expert witness and to reject the hypothesis that injuries other than aneurism may have contributed to Annie Lytle's death.

Nor do we think it can be fairly said that the charge was misleading in assuming that there was an aneurism. While the charge instructed the jury that Annie Lytle received injuries in the wreck under consideration, such fact is undisputed, and the issue of whether, among others, one on the neck causing aneurism was received, was fully comprehended in the charge and fairly submitted to the jury, so that, on the whole, we do not think the charge was misleading or on the weight of evidence in this respect.

And while the charge apparently authorized the jury to find a verdict for both plaintiffs if pecuniary loss resulted to either of them, we yet think it so appears, from the inadvertent use on the part of the

court of the letter "s" following "such plaintiff." We think it evident that the court meant to say that if the jury found, from the testimony, that the death of Annie Lytle caused any pecuniary loss to the plaintiffs, or either of them, then that their verdict should be for "such plaintiff" so receiving pecuniary loss. Besides, as we read the evidence, it tends to show that both plaintiffs received pecuniary loss. The testimony tended to show that appellee George Lytle was the husband of Annie Lytle; that she had been running a hand laundry, which produced a net income of more than thirty dollars per week; that appellant Jennie Burch was the daughter of Annie Lytle, and received a regular contribution from her mother of twenty-five dollars per month. The verdict was small—less apparently than would have been justified by the evidence; there is no complaint of the verdict and judgment as excessive, and we can not see that appellant is materially concerned in the manner in which the damages were apportioned.

In the fourth assignment appellant complains of the court's refusal to give its special charge No. 1, which is as follows: "You are instructed that, if you find and believe from the evidence that defendant was not negligent in the manner of construction of the switch as complained of, and that its employes engaged in the operation of the car were not negligent in the manner of the operation of the car, but should find that said switch was thrown by some person or persons not connected with the defendant in any way, or by some unknown cause, then you are instructed that the act of said third person in throwing said switch could not be attributed to defendant herein, and defendant would be entitled to a verdict, and in the event you so find and believe, you will return your verdict for the defendant." The contention is that this special charge was necessary in order to present appellant's defense affirmatively. There was evidence tending to show that the collision was possibly caused by a displaced switch. The operatives of the two cars concerned testified to the effect that they did not do so, but there is nothing in the evidence that indicates that some third person, not connected with the appellant railway company, was guilty of such wrong. If, in fact, the switch was displaced, it is a matter of mere conjecture as to the time, manner or person concerned therein. The possession, management and control of the switch in question was that of appellant, and it seems to us that it would have been erroneous for the court to have assumed, as the special charge did, that there was evidence that some one not connected with appellant displaced the switch and caused the wreck. Besides, no defense of the character indicated by the contention was affirmatively pleaded, appellant's only answer to the merits being a general denial, and the court's general charge specifically required the jury, before they could find for appellees, "to find that the said collision was caused by negligence on the part of the defendant," the court in another clause giving a definition of negligence that, in effect, restricted the inquiry to the negligent acts alleged, which do not include a charge of negligence in moving the switch.

The remaining assignments relate to special charges refused, but we

think the questions presented are sufficiently disposed of by what we have already said, and, believing that the evidence sustains the verdict and judgment, and that the case has been fairly tried, it is ordered that the judgment be affirmed.

*Affirmed.*

Writ of error refused.